1  Andrew S. Brignone
   Nevada Bar No. 751
2  Jason S. Jeskey
   Nevada Bar No. 11168
3  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
4  Las Vegas, Nevada 89106
5  Off:   (702) 382-2101
   Fax:   (702) 382-8135
6  Attorneys for Plaintiffs

7

8                   UNITED STATES DISTRICT COURT

9                       DISTRICT OF NEVADA

10

11  TRUSTEES OF THE PLUMBERS AND        Case No.  2:10-cv-02258-RLH-PAL
    PIPEFITTERS UNION LOCAL 525
12  HEALTH AND WELFARE TRUST AND
    PLAN; TRUSTEES OF THE PLUMBERS
13  AND PIPEFITTERS UNION LOCAL 525
    PENSION PLAN; AND THE TRUSTEES       JUDGMENT BY CONFESSION
14  OF PLUMBERS AND PIPEFITTERS
    LOCAL UNION 525 APPRENTICE AND
15  JOURNEYMAN TRAINING TRUST FOR
    SOUTHERN NEVADA,
16
17                           Plaintiffs,

18  vs.

19  T.E.N. MECHANICAL CORP., a Nevada
    corporation,
20
21                           Defendant.

22
          Pursuant to the express Stipulation for Entry of Judgment by Confession ("Stipulation")
23
    between the parties hereto, the terms of which are incorporated herein by reference, it is hereby
24
    ORDERED, ADJUDGED AND DECREED that:
25
          1.      The Plaintiffs, Trustees of the Plumbers and Pipefitters Union Local 525 Health
26
    and Welfare Trust and Plan; Trustees of the Plumbers and Pipefitters Union Local 525 Pension
27
    Plan; and the Trustees of Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman
28

BROWNSTEIN HYATT FARBER SCHRECK
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

1  Training Trust for Southern Nevada (collectively "Trust Funds"), shall take Judgment by

2  Confession ("Judgment") against the Defendant, T.E.N. Mechanical Corp., a Nevada corporation

3  ("TEN") in the sum of Two Hundred Six Thousand Four Hundred Eighty-Four and 81/100

4  Dollars ($206,484.81) ("Judgment Amount"), which includes known unpaid contributions for the

5  months of August 2009 through January 2010.

6      2.    TEN shall pay the Trust Funds the Judgment Amount as set forth in Paragraph 3,

7  below. The Judgment Amount shall bear interest from May 1, 2010 at the rate of fourteen percent

8  (14%) per annum until paid in full. The Trust Funds have not waived and expressly reserve their

9  right to collect any additional sums owed by TEN that may have accrued through, or accrue after,

10  January 2010, if discovered by future audit or as a result of unpaid or untimely reports. The

11  Judgment Amount shall be paid to the Trust Funds as third party beneficiaries of TEN's collective

12  bargaining agreement ("Labor Agreement") with the United Association of Journeymen and

13  Apprentices of Plumbing and Pipefitting Industry, Local No. 525 ("Union"), in which TEN agreed

14  to abide by the trust agreements establishing the respective Trust Funds and any amendments

15  thereto.

16      3.    The Judgment Amount and other obligations set forth herein shall be paid to the

17  Trust Funds as follows:

18      A.    An initial payment shall be made on or before *June* 1, 2010 in the minimum

19  amount of Thirty Thousand and 00/100 Dollars ($30,000.00).

20      B.    Four subsequent payments in the minimum amount of Thirty Thousand and

21  00/100 Dollars ($30,000.00) shall be made on or before the 1st day of each of the following

22  consecutive four months.

23      C.    Any remaining balance, together with such additional accrued principal,

24  interest, liquidated damages, audit costs, and attorney's fees and costs as may be owed to the

25  Trust Funds by TEN as of the final payment date, shall be due and payable on or before *November*

26  1, 2010. The Trust Funds reserve the right to collect any additional amounts owed as set forth in

27  this Judgment.

28

20136\2\1365968.6                    2

D.      Upon the Trust Funds' timely receipt and negotiation of all payments and

obligations required by this Judgment (i) this Judgment will have been satisfied and upon receipt

of a request therefore, the Trust Funds shall deliver to TEN a written Release and Satisfaction of

Claims, and (ii) liquidated damages in the sum of Forty-One Thousand Five Hundred Forty-Two

and 74/100 Dollars ($41,542.74) shall be waived ("Liquidated Damages Waiver"). In the event

of TEN's failure to remit all payments and obligations required by this Judgment in a timely

manner, the Liquidated Damages Waiver shall be deemed revoked, TEN shall be obligated to pay

all such Liquidated Damages to the Trust Funds.

E.      Should the Trust Funds determine that their statutory collection remedies

related to their claims under this Judgment may be lost or materially compromised without

pursuing formal claims, including lien claims pursuant to NRS 108, general (original) contractor

claims pursuant to NRS 608.150, bond claims, etc., the Trust Funds may take reasonable steps

and employ customary legal procedures to preserve and pursue any such remedies and claims.

4.      TEN shall have the right at any time to prepay the entire balance owed, or any

portion thereof, without incurring any prepayment penalty.

5.      Filing of and execution on the Stipulation and this Judgment shall be stayed

through ~~October~~ *November* 1, 2010, provided that payments shall have been made by TEN in accordance

with the terms of this Judgment.

6.      All payments required by this Judgment, the Labor Agreement or related claims

shall be credited first to ancillary costs and charges, including interest, liquidated damages, audit

costs and attorney's fees and costs, and lastly to principal contributions, without regard to the

Trust Funds' discretion to fund employee benefits in whole or in part with such payments.  The

payments shall be made payable to the "Plumbers Joint Trust Funds" and shall be remitted to the

Trust Funds' c/o Andrew S. Brignone, Brownstein Hyatt Farber Schreck, LLP, 100 North City

Parkway, Suite 1600, Las Vegas, Nevada 89106, or at such other location as TEN is notified in

writing.

7.      TEN shall forthwith execute and submit the following documents to the Trust

Funds' attorney:

BROWNSTEIN HYATT FARBER SCHRECK
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

06/28/2010  12:19PM FAX                                                      ☑0009/0012

A.   the Stipulation;

B.   this Judgment; and

C.   all information and documents showing the name(s) of all of TEN's general contractors, projects and project dates for the months of August 2009 through January 2010.

8.   Should TEN fail to satisfy any of the conditions in this Judgment, written notice of default ("Notice") shall immediately be delivered to TEN at 209 Avenida Del Mar, San Clemente, CA 92672-4078.  If TEN thereafter fails to make the required payment(s) or otherwise fails to comply with the conditions of this Judgment within five (5) business days of the date of such Notice, the Trust Funds shall have the unconditional and immediate right to file the Stipulation and this Judgment with the U.S. District Court, and may execute upon the same for whatever amount then remains due and owing, without further notice to TEN or Order from this Court.  In the event of default and failure to cure, the Judgment Amount, reduced by any payments that have been made by or on behalf of TEN, shall be immediately increased by interest, court costs, attorney's fees and any additional claims accrued and owed by TEN to the Trust Funds pursuant to this Judgment.  The new Judgment Amount shall accrue Fourteen percent (14%) default interest on the balance from the default date until paid.  In the event the Trust Funds should discover additional claims pursuant to an audit or TEN should fail to timely submit reports and payments of contributions to the Trust Funds as provided in the Labor Agreement and Paragraph 9 hereafter, the amount of such claims may be added to this Judgment.  The amount of such additional obligations may be established by affidavit of the Trust Funds' administrator or other representative.

9.   During such periods as TEN may be signatory to a Labor Agreement with the Union and during the payout term of this Judgment, TEN shall remain current and submit timely monthly reports and payments of contributions to the Trust Funds.  TEN shall remit accurate reports and contribution payments to the Trust Funds for the months beginning April 1, 2010 (due on or before May 20, 2010), through the effective period of the Labor Agreement.

10.   The Trust Funds' Release and Satisfaction of Claims in favor of TEN shall not be executed nor delivered until all obligations under this Judgment have been fully performed.

BROWNSTEIN HYATT FARBER SCHRECK
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20136\2\1365968.6                              4

11. Nothing in this Judgment shall, or shall be deemed to, in any manner limit, waive or release the obligations under the Labor Agreement of TEN and any trades or businesses under common control with TEN.

12. No waiver of any breach by TEN of this Judgment nor acceptance of a late payment or waiver of a timely payment by the Trust Funds shall constitute a waiver of any other breach or timely payment or the right of the Trust Funds to accelerate the entire amount due or the right of the Trust Funds to record, enter and execute upon the Stipulation and this Judgment.

13. The following potential claims are expressly reserved by the Trust Funds: (i) any Trust Fund claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by the Trust Funds for additional contributions and related damages that may be (or become) due and owing to the Trust Funds pursuant to the provisions of any collective bargaining agreement to which TEN may be bound that requires the payment of contributions to the Trust Funds, other than the Labor Agreement between TEN and the Union; (ii) the obligation of TEN or any trade or business under common control of TEN (to the extent TEN or any trade or business under common control with TEN has any obligation) to pay, and the rights of the pension funds to assess and collect, withdrawal liability pursuant to 29 U.S.C. §1381 et seq. (including use of TEN's contribution history for purposes of calculating any withdrawal liability); (iii) any additional claims discovered by compliance audit for any past, present or future audit period; (iv) any claims for untimely paid contributions arising after January 2010 and (v) any general contractor claims pursuant to NRS 608.150, lien claims pursuant to NRS 108, pay and performance bond claims, licensing bond claims and any other ERISA or state law claim enforceable by the Trust Funds.

14. In the event of the filing of any bankruptcy petition by TEN, any payments made by TEN pursuant to the terms of this Judgment shall be deemed to have been made for new value as provided under 11 U.S.C. § 547(c)(1) and in the ordinary course of TEN's business as provided under 11 U.S.C. § 547(c)(2), so that such payments shall not be claimed by TEN as preference under 11 U.S.C. § 547 or otherwise.

1    15.    TEN has consulted an attorney of its choice and fully understands the obligations

2  and consequences of this Judgment.

3    Dated and Done this 17th day of February, 2011.

4

5

6                                    _Roger L. Hunt_

7                           CHIEF UNITED STATES DISTRICT JUDGE

8

9  Approved as to Form and Content:

10 TEN Mechanical Corp.

11 By:_____    Dated: May 30, 2010.
   Nicholas Wojtaszek, its President

12

13 [Law Firm]  Brownstein & Brownstein

14 By:_____Esq.    Dated: May____, 2010.  June 29, 2010

15 Attorneys for Defendant

16 Approved and Submitted by:

17 Brownstein Hyatt Farber Schreck, LLP

18 By:_____    December 29
                                 Dated: May____, 2010.

19 Jason S. Jeskey, Esq.
   Attorneys for the Trust Funds

20

21

22

23

24

25

26

27

28

2013602\1365968.6                      6

OATH AND VERIFICATION

1

2  STATE OF *California* )

3  COUNTY OF *Orange* )  : ss.

4  Nicholas Wojtaszek, being first duly sworn upon oath, now verifies and declares that:

5       1.    Entry of this Judgment by Confession, according to its provisions, is duly

6  authorized; and

7       2.    The money due and owing and the basis for said Judgment by Confession are

8  accurately set forth in the Stipulation for Entry of Judgment by Confession and this Judgment by

9  Confession.

10       Further you affiant sayeth naught.

11

12                                              Nicholas Wojtaszek

13  State of *California*

14  County of *Orange*
    Subscribed and Sworn before me, *Melissa Farah, Notary Public*
    this *28th* day of ~~May~~ *June*, 2010.

15

16  *Melissa Farah*
    Notary Public



MELISSA FARAH
Commission # 1862510
Notary Public - California
Orange County
My Comm. Expires Aug 23, 2013

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101